Moses PASSER, Plaintiff,

v.

AMERICAN CHEMICAL
SOCIETY, Defendant.

Civ. A. No. 87–1244 SSH.

United States District Court,
District of Columbia,
Civil Division.

Nov. 18, 1988.

Raymond C. Fay, Washington, D.C., for plaintiff.

Jerome C. Schaefer, Rockville, Md., for defendant.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's motion to dismiss the amended

complaint. Defendant asserts that the Court lacks jurisdiction to hear Counts One and Two, and that plaintiff has failed to state a claim upon which relief can be granted with respect to Counts One through Five.

### Background

Plaintiff was employed by defendant from some time in 1964 until his termination on January 30, 1987, plaintiff's 70th birthday. At the time of termination, plaintiff's position was Director, Education Division. In late November of 1986, plaintiff had informed defendant that he wished to remain with the organization beyond age 70. Despite his request, he was forced to retire on his birthday. Plaintiff contends that defendant's actions violate the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 626, Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and the District of Columbia Human Rights Act, D.C.Code Ann. § 1–2512.

Plaintiff filed charges of age discrimination with the United States Equal Employment Opportunity Commission (EEOC) and the District of Columbia Office of Human Rights in February 1987. Defendant had scheduled a national meeting to take place in Denver, Colorado, on April 7, 1987. A symposium in plaintiff's honor was to be held at this national meeting. The symposium had been announced approximately six months prior to the national meeting. Distinguished chemists, including plaintiff, were to present papers. On April 5, 1987, defendant informed plaintiff that its Board of Directors had voted to postpone the symposium because of plaintiff's pending age discrimination claims. Plaintiff contends that this action constituted unlawful retaliation under the ADEA and the D.C. Human Rights Act. He further alleges

that cancelling the symposium gives rise to a claim of intentional infliction of emotional distress.

### Discussion

#### Count One

■ Count One of the complaint alleges violations of the ADEA. Section 631 limits the ADEA's application, setting forth several categories of persons who are not covered by the Act.[1] Section 631 provides:

> Nothing in this Chapter shall be construed to prohibit compulsory retirement of any employee who has attained 65 years of age and who, for the 2–year period immediately before retirement, is employed in a bona fide executive or a high policymaking position, if such employee is entitled to an immediate nonforfeitable annual retirement benefit ... which equals ... at least $44,000.

29 U.S.C. § 631(c)(1).[2] Defendant urges this Court to dismiss the complaint for lack of subject matter jurisdiction because plaintiff has not affirmatively alleged that he falls outside the bona fide executive exemption.

Defendant's argument stretches the statute and is at odds with federal regulations:

> Since this provision [the bona fide executive exemption] is an exemption from the non-discrimination requirements of the Act, the burden is on the one seeking to invoke the exemption to show that every element has been clearly and unmistakably met. Moreover, as with other exemptions from the Act, this exemption must be narrowly construed.

29 C.F.R. § 1625.12(b) (1987). Other courts have recognized that the burden is on defendant to show that a particular employee falls within the exemption. *See Colby v. Graniteville Co.*, 635 F.Supp. 381, 384 (S.D.N.Y.1986); *Whittlesey v. Union Car-*

---

1. The ADEA originally prohibited discrimination against employees less than 65 years old, but was amended in 1978 to protect employees up to 70 years of age. Finally, effective January 1, 1987 (just prior to plaintiff's birthday), the upper age limit on protection was deleted entirely.

2. Subsection (d) provides: "Nothing in this Chapter shall be construed to prohibit compulsory retirement of any employee who has attained 70 years of age, and who is serving under a contract of unlimited tenure ... at an institution of higher education." It is worth noting that defendant has not challenged plaintiff's failure to deny that this exemption applies.

*bide Corp.,* 567 F.Supp. 1320 (S.D.N.Y. 1983), *aff'd,* 742 F.2d 724 (2d Cir.1984). Thus, plaintiff did not need to assert in his complaint that he was not a bona fide executive within the meaning of section 631.[3]

## Count Two

■ Under Count Two of the complaint, plaintiff seeks relief under the D.C. Human Rights Act. Defendant moves to dismiss this Count on the grounds that the Act does not protect persons over the age of 65. Under the Act, it is unlawful discrimination to discharge an employee due to age. *See* D.C.Code § 1–2512 (1981). Age, for the purposes of the Act, is defined as "18 years of age or older except that, in a case of employment, age shall be defined as 18 to 65 years of age, unless otherwise prohibited by law." *Id.* at § 1–2502(2).

Plaintiff reads the language "unless otherwise prohibited by law" as creating a flexible definition of age whose upper end will always comport with the federal standard found in the ADEA. Plaintiff claims that his reading is bolstered by language in the Act stating that "[n]othing in this chapter shall be construed to supersede any federal rule, regulation or act." *Id.* at 2503(c).

The expansive interpretation of section 1–2502 urged by plaintiff contradicts the plain language of the statute. The Act specifically limits its employment provisions to those persons aged 18 to 65. The upper age limit is reserved only for employment actions. If the D.C. Council had wanted to mirror the ADEA's age provisions, it could have done so explicitly. The Council amended part of the Human Rights Act in 1987, after Congress had removed the ADEA's age limit, without changing this Act's definition of age.

Finally, plaintiff's interpretation of the last clause is unpersuasive. The ADEA and the Human Rights Act are not in conflict—by prohibiting age discrimination against any person over the age of 40, the ADEA does not prohibit a state from limiting its own protection. An aggrieved citizen over the age of 65 can press his claim in a federal forum, whereas a person under the age of 65 has a choice of federal or local court. Conversely, an aggrieved 25–year-old may seek relief only in a local forum.[4] Because plaintiff's allegations of discrimination are directed to events that took place after his sixty-fifth birthday, he cannot maintain an action under the D.C. Human Rights Act.

## Counts Three and Four

Counts Three and Four of the amended complaint allege unlawful retaliation in violation of the ADEA and the D.C. Human Rights Act respectively.

■ The ADEA's relevant provision states:

It shall be unlawful for an employer to discriminate against any of his employees ... because such individual ... has opposed any practice made unlawful by this section, or because such individual ... has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29 U.S.C. § 623(d). Although the statute does not speak in terms of former employees, the Court finds plaintiff's arguments that former employees comprise a protected group persuasive. Nevertheless, the Court finds that defendant's alleged conduct—cancelling a symposium honoring plaintiff—is not retaliation as intended by the ADEA. Although in honor of plaintiff's service, the symposium was not part of plaintiff's past or future employment relationship with defendant, nor did the cancellation affect his relationship with potential employers. For the same reason,

---

**3.** Although defendant purports to move to dismiss Count One for failure to state a claim upon which relief can be granted, defendant offers no real discussion of this basis, and the Court finds that it is without merit.

**4.** A better reading of "unless otherwise prohibited by law" is one that limits the Act's application if it conflicts with another law. For example, a person who is under the age of 35 who wishes to be a candidate for president of the United States would not have a cause of action under D.C. law because his or her candidacy is "otherwise prohibited by law."

plaintiff's claim of retaliation under D.C. Code § 1–2525 must also be dismissed.

*Count Five*

██ Turning to the final count of the complaint, intentional infliction of emotional distress, the Court concludes that it, too, must be dismissed. It is the Court's responsibility to determine "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Howard University v. Best*, 484 A.2d 958, 985 (D.C.1984). Moreover, "the tortfeasor's conduct must be 'wanton, outrageous in the extreme, or especially calculated to cause serious mental distress.'" *Rogers v. Loews L'Enfant Plaza Hotel*, 526 F.Supp. 523, 530 (D.D.C. 1981), *quoting Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C.1980). Defendant's conduct does not rise to the level required to maintain an action for intentional infliction of emotional distress.

An appropriate order accompanies this Memorandum Opinion.

### ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it hereby is

ORDERED, that defendant's motion to dismiss the amended complaint is denied as to Count One. It hereby further is

ORDERED, that defendant's motion to dismiss the amended comlaint is granted as to Counts Two, Three, Four, and Five. It hereby further is

ORDERED, that plaintiff's motion to strike defendant's supplemental memorandum in support of defendant's motion to dismiss the amended complaint is denied and defendant's motion to file the supplemental memorandum is granted nunc pro tunc.

SO ORDERED.